# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MAYA BALAKRISHNAN** | **CIVIL ACTION** |
| **VERSUS** | **NO: 08-4315** |
| **BOARD OF SUPERVISORS OF LA STATE UNIVERSITY** | **SECTION: "F" (4)** |

## ORDER

Before the Court is a **Motion to Quash Subpoena Duces Tecum and for Protective Order (R. Doc. 58)**, filed by Defendant, Louisiana State University School of Medicine ("LSU"), seeking to quash a subpoena duces tecum and requesting a protective order. Plaintiff, Maya Balakrishnan ("Balakrishnan") filed a response opposing the motion. (R. Doc. 61.) The motion was heard with oral arguments on Wednesday, October 14, 2009.

I. **Background**

On August 25, 2009, LSU allegedly received a subpoena duces tecum from Balakrishnan requesting the production of the employment records of Jeffrey McGilbra, Holly Mackenna, Eric Kramer, Sandra Rodriguez, Vida Robertson, Tao Ren, Michael Franklin, Bonnie Viens, and Stephen Jaffe. (R. Doc. 58, p. 1.) All these individuals were former residents in LSU's Psychiatry Residency Program in New Orleans and are not parties to this action. (R. Doc. 58, p. 1.)

LSU claimed that these documents are confidential, privileged, and irrelevant to the instant

litigation. (R. Doc. 58, pp. 1-2.) LSU also claimed that the subpoena was deficient in several ways. (R. Doc. 58, p. 2.) First, the subpoena was sent via mail to LSU's counsel, who is not an authorized agent for LSU. (R. Doc. 58, p. 2.) Second, Balakrishnan failed to issue a notice with the subpoena or schedule a convenient production time for the subpoenaed party. (R. Doc. 58, p. 2.) Third, Balakrishnan did not issue a check for an attendance fee and mileage expenses as required by Rule 45(b)(1) and 28 U.S.C. § 1821. (R. Doc. 58, p. 2.) Finally, LSU noted that the 20 day period to respond required by the subpoena violates the time period required by Rule 34(b). (R. Doc. 58, p. 2.)

II.     **Standard of Review**

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

A party may depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). Fed.R.Civ.P. 30(a)(1). Under Rule 30(a)(2), a party must obtain leave of court to depose a witness under certain circumstances, including but not limited to when the parties have

not stipulated to the deposition. Fed.R.Civ.P. 30(a)(2)(A). A party who wishes to depose a person by oral questions must give reasonable written notice to every other party. Fed.R.Civ.P. 30(b)(1). The notice must state the time and place of the deposition and, if known, the deponent's name and address. Id. If the name is unknown, the notice must provide a general description sufficient to identify the person or the particular class or group to which the person belongs. Id.

III. **Analysis**

LSU seeks the entry of a protective order quashing the subpoena duces tecum issued by the plaintiff, Balakrishnan to the LSU's School of Medicine. LSU contends that the Motion should be granted for several reasons:

1. The subpoena was allegedly not served on mover because the claimant placed the pleading in the mail and directed it to counsel for LSU who is not the legal agent for service of proess on behalf of the LSU School medicine.

2. The Plaintiff allegedly failed to issue a notice with the Subpoena and/or schedule a document production time convenient for counsel for the defendant.

3. The Plaintiff allegedly failed to tender a check for an attendance fee and mileage expenses as required by Rule 45(b)(1).

LSU also objects to the subpoena on substantive grounds. It contends that the subponea seeks documentation and records that are confidential, personal, and privileged and therefore exempt from discovery. (R. Doc. 68, p. 2.) LSU further claims that the requested documents are not relevant to the proceedings before the Court. (R. Doc. 68, p. 2.) LSU also claims that the privacy interests of the individuals whose records were requested by Balakrishnan outweigh the benefit to Balakrishnan of receiving the records. (R. Doc. 68, p. 2.)

Balakrishnan contends that the fact that because she served the school with her Complaint LSU School of Medicine has had notice of her allegations for more than four years and eight months. Balakrishnan contends that she should be permitted to obtain the copy of her personnel file and also the file of other psychiatry residents who violated a rule or policy of the school at the same time that she served as chief Resident in the Psychiatry Residency program. Balakrishnan contends that the subpoena was issued by itself because it was not seeking to conduct a deposition. She also contends that the subject motion should be denied because LSU did not respond or object by telephone or in writing to the scope of the information sought in the subpoena.

Rule 45 provides that on timely motion, the issuing court must quash or modify a subpoena if it requires disclosure of privileged or other protected matter, or otherwise subjects the subpoenaed person to undue burden. Fed. R. Civ. P. 45(c)(3). Rule 45(b)(1) requires that service be made by "delivering a copy" of the subpoena to the *named person*. If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served, a notice must be served on each party. Fed. R.Civ. P. 45(b)(1).

In this case, counsel for plaintiff concedes that he served the subpoena on counsel for the named person rather than LSU medical school's records custodian. Counsel for the plaintiff has failed to reference any case similar to this action in which a subpoena duces tecum was permitted to be served on the attorney for a representative rather than the party. Consequently, the court finds that mailing the subpoena to attorney of record rather than the party was improper.

Furthermore, during the hearing of this proceeding counsel for Balakrishnan represented that he could not deliver the subpoena to the medical school because he was unable to gain physical access to the building nor would anyone at the school would accept service. The Court, during the

proceeding, conducted a computer search and located the appropriate person to whom the subpoena should be directed; namely, Joseph Delcarpio, PhD, Associate Dean, who is listed as the head of the Office of Student Affairs and Records. The address to be served is:

> Joseph Delcarpio, PhD, Associate Dean
> Office of Student Affairs and Records
> LSU School of Medicine in New Orleans
> 2020 Gravier Street, Room 708
> New Orleans, LA 70112
> Telephone: (504) 568-4874

The Court noted that Balakrishnan should first cure the procedural deficiencies before the Court would consider the parties substantive arguments about the relevance, overbreadth, and privilege issues with the subpoena.

Accordingly,

**IT IS ORDERED** that the Defendant**, LSU's Motion to Quash Subpoena Duces Tecum and for Protective Order (R. Doc. 58)** is hereby **GRANTED**.

New Orleans, Louisiana, this 4th day of December 2009

_____
KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE