**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MAYA BALAKRISHNAN** | **CIVIL ACTION** |
| **VERSUS** | **NO: 08-4315** |
| **BOARD OF SUPERVISORS OF LA STATE UNIVERSITY** | **SECTION: "F" (4)** |

**ORDER**

Before the Court is a **Motion to Quash Subpoena Duces Tecum and for Protective Order (R. Doc. 68)**, filed by Defendant, Louisiana State University School of Medicine ("LSU"), seeking to quash a subpoena duces tecum and requesting a protective order. Plaintiff, Maya Balakrishnan ("Balakrishnan") after requesting a continuance because her counsel withdrew, filed a response opposing the motion. (R. Doc. 74.) The motion is set to be heard with oral arguments on Wednesday, December 9, 2009.

**I.  Background**

On August 25, 2009, LSU allegedly received a subpoena duces tecum from Balakrishnan requesting the production of the employment records of Jeffrey McGilbra, Holly Mackenna, Eric Kramer, Sandra Rodriguez, Vida Robertson, Tao Ren, Michael Franklin, Bonnie Viens, and Stephen Jaffe. (R. Doc. 58, p. 1.) All these individuals were former residents in LSU's Psychiatry Residency Program in New Orleans and are not parties to this action. (R. Doc. 58, p. 1.)

LSU claimed that these documents are confidential, privileged, and irrelevant to the instant litigation. (R. Doc. 58, pp. 1-2.) LSU also claimed that the subpoena was deficient in several ways. (R. Doc. 58, p. 2.) First, the subpoena was sent via mail to LSU's counsel, who is not an authorized agent for LSU. (R. Doc. 58, p. 2.) Second, Balakrishnan failed to issue a notice with the subpoena or schedule a convenient production time for the subpoenaed party. (R. Doc. 58, p. 2.) Third, Balakrishnan did not issue a check for an attendance fee and mileage expenses as required by Rule 45(b)(1) and 28 U.S.C. § 1821. (R. Doc. 58, p. 2.) Finally, LSU noted that the 20 day period to respond required by the subpoena violates the time period required by Rule 34(b). (R. Doc. 58, p. 2.)

On October 14, 2009, at the request of LSU, the Court held oral argument on the motion. At the hearing, counsel for LSU again raised the four procedural issues with Balakrishnan's subpoena as well as its substantive objections to the subpoena. After listening to the arguments of both parties, the Court indicated that Balakrishnan should attempt to serve Joseph Delcarpio, PhD, Associate Dean, who is listed as the head of the Office of Student Affairs and Records. The address to be served is:

> Joseph Delcarpio, PhD, Associate Dean
> Office of Student Affairs and Records
> LSU School of Medicine in New Orleans
> 2020 Gravier Street, Room 708
> New Orleans, LA 70112
> Telephone: (504) 568-4874

The Court noted that Balakrishnan should first cure the procedural deficiencies before the Court would consider the parties substantive arguments about the relevance, overbreadth, and privilege issues with the subpoena. On October 26, 2009, Roger Phipps, counsel for Balakrishnan served the subpoena duces tecum at issue in this motion on Kathy Munslow, counsel for LSU,

2

giving LSU until November 9, 2009, to return the requested documents. (*See* R. Doc. 68-4.)

On November 4, 2009, Roger D. Phipps, counsel for Balakrishnan, filed a motion to withdraw as Balakrishnan's counsel, (R. Doc. 64) which the presiding Judge granted on November 5, 2009 (R. Doc. 65). On November 18, 2009, Alexandra Mora submitted a motion to enroll as counsel, (R. Doc. 69) which the presiding Judge granted on November 19, 2009 (R. Doc. 72).

## II.     Standard of Review

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando,* 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

A party may depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). Fed.R.Civ.P. 30(a)(1). Under Rule 30(a)(2), a party must obtain leave of court to depose a witness under certain circumstances, including but not limited to when the parties have not stipulated to the deposition. Fed.R.Civ.P. 30(a)(2)(A). A party who wishes to depose a person by oral questions must give reasonable written notice to every other party. Fed.R.Civ.P. 30(b)(1). The notice must state the time and place of the deposition and, if known, the deponent's name and

address. *Id.* If the name is unknown, the notice must provide a general description sufficient to identify the person or the particular class or group to which the person belongs. *Id.*

## III.    Analysis

LSU opposes the subpoena duces tecum claiming that the requested records are confidential, personal, and privileged and therefore exempt from discovery. (R. Doc. 68, p. 2.) LSU further claims that the requested documents are not relevant to the proceedings before the Court. (R. Doc. 68, p. 2.) LSU also claims that the privacy interests of the individuals whose records were requested by Balakrishnan outweigh the benefit to Balakrishnan of receiving the records. (R. Doc. 68, p. 2.)

Furthermore, LSU claims that the subpoena is procedurally deficient in four ways. First, LSU claims that the subpoena was served on its general counsel, who is not an authorized agent for service of process. (R. Doc. 68, p. 2.) Second, LSU claims that Balakrishnan failed to issue a notice in conjunction with the subpoena and further failed to schedule the document production at a time convenient for all parties. (R. Doc. 68, p. 2.) Third, LSU claims that Balakrishnan failed to tender a check for attendance fee and mileage expenses in connection with the subpoena, as required by Rule 45(b)(1) and 28 U.S.C. § 1821. (R. Doc. 68, p. 2.) Finally, LSU claims that the period of twelve days to within which to produce the requested documents was not sufficient under Rule 34(b). (R. Doc. 68, pp. 2-3.)

In response, Balakrishnan claims that LSU's motion is not grounded in fact or law, and that therefore it motion should be denied. (R. Doc. 74, p. 1.) In the alternative, Balakrishnan requests that she be granted a motion to continue the trial so that she may rectify the procedural issues and obtain the record she seeks. (R. Doc. 74, p. 1.)

As to the procedural issues, Balakrishnan claims that because the records at issue are in the

4

custody of a party to the lawsuit (LSU), any procedural problem raised by LSU could be cured by recognizing the subpoenas as requests for production of documents. (R. Doc. 74, p. 6.) Balakrishnan claims that Rule 1 allows the Court to "construe[] and administer[] [the rules] to secure the just, speedy, and inexpensive determination of every action." (R. Doc. 74, p. 6 (citing Fed.R.Civ.P. 1.))

In the alternative, Balakrishnan argues that even if the Court does not construe the subpoena as a request for production, LSU's motion should still be denied. (R. Doc. 74, p. 6.) Balakrishnan claims that the procedural issues are either moot, easily cured, or inapplicable. (R. Doc. 74, p. 6.) Balakrishnan claims that because the witness is LSU and not an individual, service on general counsel was proper. (R. Doc. 74, p. 6.) Balakrishnan argues that LSU's claims that the subpoena did not provide notice and failed to schedule a convenient time and place for production, are not a basis for quashing the subpoena. (R. Doc. 74, p. 7.)

Balakrishnan further argues that the rule requiring notice is inapposite because it is intended for oral examination, and that the spirit of the rule was followed because LSU got notice and an opportunity to object to the subpoena, as evidenced by the instant motion. (R. Doc. 74, p. 7.) Balakrishnan also states that because the subpoena is for documents, mileage and fees are not appropriate, but if the Court finds otherwise, she will provide the applicable expenses. (R. Doc. 74, p. 7.) Finally, Balakrishnan states that since it has now been more than 30 days since the subpoena was served, that issue is moot. (R. Doc. 74, p. 7.)

Rule 45 provides that on timely motion, the issuing court must quash or modify a subpoena if it requires disclosure of privileged or other protected matter, or otherwise subjects the subpoenaed person to undue burden. Fed.R.Civ.P. 45(c)(3). Rule 45(b)(1) requires that service be made by

5

"delivering a copy" of the subpoena to the *named person*. If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served, a notice must be served on each party. Fed.R.Civ.P. 45(b)(1).

The subpoena at issue here suffers from the same defects at the subpoena quashed by the Court in its December 7, 2009, Order. (R. Doc. 80.) Balakrishnan should first cure the procedural defects noted by the Court before the Court will consider the parties' substantive arguments about the relevance, overbreadth, and privilege issues with the subpoena. Balakrishnan did not cure the procedural defects noted by the Court and therefore, the motion to quash is granted.

Accordingly,

**IT IS ORDERED** that the Defendant**, LSU's Motion to Quash Subpoena Duces Tecum and for Protective Order (R. Doc. 68)** is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the parties are **not** required to appear for oral hearing on **December 9, 2009**, as the motion has been resolved.

New Orleans, Louisiana, this 8th day of December 2009

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**